IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PAMELA P. AND C.Z.,<br><br>Plaintiffs,<br><br>v.<br><br>INDEPENDENCE BLUE CROSS,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:24-cv-00112 JNP<br><br>Judge Jill N. Parrish |

Plaintiffs Pamela P. ("Pamela") and C.Z. brought this action against defendant Independence Blue Cross ("Independence") after Independence failed to pay for treatment C.Z. received in Utah.

This matter is before the court on Independence's Motion to Transfer Venue to the Eastern District of Pennsylvania (ECF No. 16). Pursuant to local rule 7-1(g) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(g).[1]

## BACKGROUND

Independence is an independent licensee of the nationwide Blue Cross and Blue Shield network of providers and was the insurer and claims administrator under the insurance plan ("the Plan") at issue. (ECF No. 1, Compl. ¶ 2). The Plan is a fully insured employee welfare benefits plan

---

[1] Plaintiffs did not respond to Independence's Motion. Although local rule 7-1(f) states that "failure to respond timely to a motion may result in the court granting the motion without further notice," DUCivR 7-1(f), the court will nevertheless substantively consider the Motion.

under 29 U.S.C. § 1001 *et seq.*, the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id.* ¶ 3). Independence is located and administers the Plan in the Eastern District of Pennsylvania.

Plaintiff Pamela was a Plan participant. (*Id.*). C.Z., the daughter of Pamela, was a beneficiary of the Plan. (*Id.*). Pamela resides in Pitkin County, Colorado, and C.Z. resides in New York County, New York. (*Id.* ¶ 1). From January 4, 2021, to December 20, 2021, C.Z. received treatment at Solacium Sunrise ("Sunrise"), a licensed residential treatment facility located in Washington County, Utah. (*Id.* ¶ 4).

Independence denied payment for C.Z.'s treatment at Sunrise, determining that treatment at a residential treatment center was not medically necessary. (*Id.* ¶¶ 5, 20). After exhausting the Plan's mandatory appeals, Plaintiffs filed this lawsuit in the United States District Court for the District of Utah for recovery of benefits pursuant to 29 U.S.C. § 1132(a)(1)(B), for alleged violations of the express terms of the Plan and for breaches of Independence's fiduciary duties to C.Z. (*Id.* ¶¶ 43, 45).

Independence now requests a venue transfer pursuant to 28 U.S.C. § 1404(a), arguing that the Eastern District of Pennsylvania, where the Plan is located and administered, is a more appropriate forum. For the reasons set forth below, the court GRANTS Independence's motion to transfer venue.

## DISCUSSION

This court has broad discretion to grant a motion for change of venue. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1988). Section 1404 of Title 28 provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The party moving to transfer a case

pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010) (internal quotation marks omitted). A district court analyzing whether a movant has met its burden should consider:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.,* 928 F.2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter,* 371 F.2d 145, 147 (10th Cir. 1967)).

The threshold inquiry in a § 1404(a) analysis is whether the action could have originally been brought in the proposed transferee district. Under 29 U.S.C. §1132(e)(2), an ERISA action may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." *Id.* In this case, there is no dispute that the action could have originally been brought in the Eastern District of Pennsylvania as the Plan is both located and administered therein.

Therefore, the sole issue is whether the Eastern District of Pennsylvania is a more appropriate forum under the factors set forth above. Of these factors, the court is not aware of any significant or material difference between the District of Utah and the Eastern District of Pennsylvania with respect to the enforceability of a judgment, the ability of the parties to receive a

fair trial, or congestion of the courts' dockets. Additionally, because this is a federal case involving the application of federal law, concerns regarding conflict of laws and the interpretation of local laws are not present. *See IHC Health Servs. Inc. v. Eskaton Properties*, No. 2:16-cv-3-DN, 2016 WL 4769342, *8 (D. Utah Sept. 12, 2016).

Accordingly, the court addresses the remaining relevant factors to determine whether this case should be transferred for fairness and convenience.

<u>Plaintiffs' Choice of Forum</u>

"Unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1167 (10th Cir. 2010). "The plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." *Id.* "Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Id.* (internal quotation marks omitted).

In the context of ERISA, this court has routinely declined to defer to a plaintiff's choice of forum where the location of plaintiff's treatment was the only connection to the forum. As this court previously explained:

> [T]he plaintiffs reside [in another forum], and though [plaintiff] received medical treatment in this district, the actual facts that give rise to a claim under § 1132(a)(1)(B) are not the facts of treatment. Rather, a claim for benefits asks a court to review an administrator's denial of benefits – and disposition of any subsequent appeals – on the basis of the information the administrator was provided alongside the relevant terms of the plan document. On the basis of the complaint, those events did not take place in this district.

*Richard T.B. v. United Healthcare Insurance Co.*, No. 2:18-cv-73-JNP, 2019 WL 145736, at *3 (D. Utah Jan. 9, 2019) (assigning "little weight" to plaintiff's choice of forum where plaintiff's only connection to Utah was medical treatment in the district); *see also, e.g., Rula A.-S. v. Aurora Health*

*Care,* Slip Copy, No. 2:19-cv-00982-DAO, 2020 WL 7230119, \*3 (D. Utah Dec. 8, 2020) (declining to defer to plaintiffs' choice of forum and transferring case where District of Utah's only connection to facts was location of treatment); *Michael M. v. Nexen Pruet Group Medical & Dental Plan,* No. 2:17-cv-01236-TS, 2018 WL 1406600, at \*5 (D. Utah Mar. 19, 2018) (finding plaintiffs' choice of forum "not controlling" because only connection to Utah was medical treatment in Utah); *IHC Health Servs. Inc. v. Eskaton Properties*, No. 2:16-cv-3-DN, 2016 WL 4769342, at \*9 (D. Utah Sept. 12, 2016) (concluding that plaintiff's choice of forum was "not a controlling factor" where Utah lacked any significant connection with the operative facts of the case other than the location of medical treatment).

In this case, C.Z.'s treatment in Utah provides the only connection to this forum. None of the parties reside in Utah. The Plan was not administered in Utah. The alleged breaches did not occur in Utah. The decision to deny benefits was not made in Utah. Under these circumstances, and in accord with persuasive and applicable authority, Plaintiffs' choice of forum is entitled to little weight and is not controlling.

<u>Accessibility of Witnesses and Other Sources of Proof</u>

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.,* 618 F.3d 1153, 1169 (10th Cir. 2010) (internal quotation marks omitted). However, the convenience of witnesses is not as important in ERISA cases since the court's review is generally limited to the administrative record. *See Michael M.*, 2018 WL 1406600, at \*5 (citing *IHC Health Servs., Inc.,* 2016 WL 4769342, at \*9). "Nevertheless, to the extent witnesses may be required, courts have concluded the relevant witnesses in ERISA cases are those involved in administering the plan and denying the claims." *Rula A.-S.*, 2020 WL 7230119, at \*4. Here, the relevant witnesses and documents involved in

5

administering the Plan and denying Plaintiffs' claims are located where the Plan is located and administered by Independence in the Eastern District of Pennsylvania. Because the relevant witnesses and other sources of proof are in Pennsylvania, this factor weighs in favor of transferring the case to the Eastern District of Pennsylvania.

Cost of Making Necessary Proof

The cost of making necessary proof weighs in favor of transferring the case to the Eastern District of Pennsylvania. All witnesses, except Pamela who resides in Colorado, are located on the East Coast. Requiring counsel and all witnesses to travel to Utah to litigate a case where no witnesses or evidence is found is expensive and inefficient. It is much more practical for the parties to litigate the lawsuit in the Eastern District of Pennsylvania, close to where the witnesses and evidence are found. Accordingly, the cost of making the necessary proof weighs in favor of granting the motion to transfer.

Other Practical Considerations

"[C]onvenience is not the only policy underlying § 1404(a): the interest of justice in the proper venue should not be forgotten." *Michael M.*, 2018 WL 1406600, at *7 (quoting *Danny P. v. Catholic Health Initiatives*, No. 1:14-cv-22-DN, 2015 WL 164183, at *3 (D. Utah Jan. 13, 2015)). Under a practical consideration of all the facts, the Eastern District of Pennsylvania is the forum with the greatest connection to the operative facts of this case and is the most appropriate forum. As previously stated, none of the parties in this case reside in Utah. The Plan was not administered, adjudicated, or breached in Utah. Conversely, Plaintiffs reside in Colorado and New York. The Plan resides and was administered in the Eastern District of Pennsylvania. In short, the practical considerations and the interests of justice weigh in favor of transferring the case to the Eastern District of Pennsylvania.

6

## **CONCLUSION**

For the reasons articulated, Defendants' Motion to Transfer Venue (ECF No. 16) is GRANTED.

IT IS HEREBY ORDERED AS FOLLOWS: The Clerk of the Court is directed to transfer this action to the United States District Court for the Eastern District of Pennsylvania.

Dated this 26th day of March, 2025.

BY THE COURT:

JILL N. PARRISH
United States District Court Judge